IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY L. NORWOOD,

    Plaintiff,

vs.                                           Case No: 1:11-cv-176-MP-GRJ

JEREMY YORK, and
GAINESVILLE POLICE DEPARTMENT,

    Defendants.

_____/

## ORDER

    This matter is before the Court on Plaintiff's *pro se* First Amended Complaint. (Doc. 5.)  Plaintiff, a pre-trial detainee in custody at the Alachua County Detention Center, filed his First Amended Complaint on the Court's civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983.  From a review of the First Amended Complaint, it is evident the facts as presented fail to state a claim upon which relief can be granted with respect to certain of the claims Plaintiff wishes to bring.  Plaintiff will therefore be given an opportunity to amend his First Amended Complaint.

## I. BACKGROUND AND FACTS

    Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against Defendants Officer Jeremy York of the Gainesville Police Department and the Gainesville Police Department ("GPD").  According to the factual allegations in the First Amended Complaint, Plaintiff was detained by four Wal-Mart employees on suspicion of shoplifting when he was exiting a Wal-Mart store in Gainesville, Florida.  Plaintiff was held down by the four Wal-Mart employees until Defendant York arrived on the scene in response to a call to GPD by Wal-Mart staff.  Plaintiff claims he put his hands behind

his back and he was then placed into custody by York.  York searched Plaintiff's pockets and did not find anything.  York then proceeded to kick Plaintiff's legs out from under him while pushing Plaintiff toward the ground, even though Plaintiff states his hands were behind his back and he was not resisting arrest.  Plaintiff hit the concrete pavement face first, causing one off his teeth to break off completely and chipping two other teeth.  Paramedics were called, but Plaintiff was not taken to the hospital because there was very little blood on his face.  He was then taken to the Alachua County Detention Center and was given pain medicine upon his arrival.  Plaintiff contends the Defendants violated his Fourth Amendment and Eighth Amendment rights and Defendant York committed felony battery against him.  Plaintiff seeks compensatory and punitive damages and York's prosecution on criminal charges as relief.

## II. STANDARD OF REVIEW

The Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  Section 1915A mandates the Court must independently review all cases brought by prisoners against government entities or employees.  The Court is further directed by section 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983.  A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg

Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

### III. DISCUSSION

Plaintiff's First Amended Complaint purports to bring two federal constitutional claims and one state law claim against the Defendants.  The Court will address each of Plaintiff's claims on a claim by claim basis and then will discuss Plaintiff's allegations against Defendant GPD.

### A.     Plaintiff's Excessive Force Claim

Plaintiff claims Defendant York used excessive force in arresting Plaintiff on March 8, 2011.  Plaintiff's excessive force claim is governed by the Fourth Amendment, which provides "[t]he rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. CONST. amend IV.  The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force during the course of an arrest.  Graham v. O'Connor, 490 U.S. 386, 394-95 (1989).  "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or an investigatory stop necessarily carries with it the right to use some degree of physical

coercion or threat thereof to effect it." Id. at 396.  The typical arrest by a law enforcement officer involves some type of force or injury "and the use of force is an expected part of a law enforcement's officer's task of subduing and securing individuals suspected of committing crimes." Lee v. Ferraro, 284 F.3d 1188, 1200 (11th Cir. 2000).  Thus, the application of *de minimis* force alone is insufficient to state a claim for excessive force in violation of the Fourth Amendment.  Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000).

Whether the use of a force in a particular instance was reasonable is a completely objective inquiry and, accordingly, subjective elements like malice are not considered.  Lee, 284 F.3d at 1197-98 & n.7.  In determining whether a particular use of force was reasonable, a court must examine a number of factors, including the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the severity of the crime, whether the suspect posed an immediate threat, and whether the suspect was resisting or fleeing.  Slicker v. Jackson, 215 F.3d 1225, 1232-33 (11th Cir. 2000).

Plaintiff alleges that Defendant York kicked Plaintiff's legs out from under him while pushing Plaintiff toward the ground, even though Plaintiff's hands were behind his back and he was not resisting arrest.  Plaintiff hit the concrete pavement face first, causing one off his teeth to break off completely and chipping two other teeth.  Plaintiff has provided facts sufficient to state a Fourth Amendment excessive force claim and will be permitted to proceed on this claim.

### B.    Plaintiff's Eighth Amendment Claim

Plaintiff also states the Defendants violated his Eight Amendment right to be free

from cruel and unusual punishment.  The Eight Amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. Amend. VIII.  "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eight Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners."  Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).  A substantive due process claim is available only if neither the Fourth nor the Eight Amendment applies.  Graham v. Connor, 490 U.S. 386, 395 (1989)(holding "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").  To the extent a pretrial detainee wishes to challenge excessive force applied after the detainee has been taken into custody as amounting to punishment, a pretrial detainee may do so.  Id. at 395 n.10.  The behavior must shock the conscience, however, which occurs when an official uses force with an intent to harm "unrelated to the legitimate object of arrest."  County of Sacramento v. Lewis, 523 U.S. 833, 836 (1998).

      Plaintiff is unable to bring a claim under the Eighth Amendment because he was not a convicted prisoner at the time he was arrested by Defendant York.  To the extent Plaintiff wishes to bring a substantive due process claim in connection with his arrest by Defendant York, he would be foreclosed from doing so under Graham.  Instead, his proper recourse for such a claim would be under the Fourth Amendment.  To the extent Plaintiff instead wishes to bring a standalone due process claim for treatment he may

have suffered as a pretrial detainee after he was arrested by Defendant York, then he must include further facts in his Second Amended Complaint.  Plaintiff must explain what actions the Defendants took against him after he was placed under custody at Wal-Mart and how that behavior on the part of the Defendants shocks the conscience.

**C.     Plaintiff's State Law Claim**

Plaintiff also states he wants felony battery charges to be brought against Officer York.  This Court does not have the authority under section 1983 to order a state prosecutor to bring charges against Defendant York.  Plaintiff can, however, bring a state law tort claim against Defendant York if he wishes.  Liberally construed Plaintiff's allegations against Defendant York sound in the nature of a battery claim.  Under Florida law, in order to state a claim for the intentional tort of battery, a plaintiff must demonstrate (1) the intent to cause a harmful or offensive contact with another person and (2) an offensive contact that indirectly or directly results.  Chorak v. Naughton, 409 So. 2d 35, 39 (Fla. Dist. Ct. App. 1981).

Although this Court does not have original jurisdiction over state law claims the Court may entertain state law claims pursuant to 28 U.S.C. § 1367 when the claims are supplemental to claims over which the Court has original jurisdiction.  28 U.S.C. § 1367 provides in pertinent part "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  This exercise of jurisdiction is discretionary, not mandatory.  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)(noting supplemental "jurisdiction is a doctrine of

discretion, not of plaintiffs right"). Federal courts have allowed prisoner litigants to proceed on state law tort claims under section 1367(a) if the prisoner also has a cognizable federal claim under 42 U.S.C. § 1983. <u>See</u>, <u>e.g.</u>, <u>Roberts v. Williams</u>, 456 F.2d 819, 828-829 (5th Cir. 1972)(Prisoner could proceed on Eight Amendment claim under section 1983 and court also could exercise jurisdiction over prisoner's related state law tort claim for negligence where the prisoner plaintiff had "suffered but one injury, with but one causative set of operative facts"); <u>Hooks v. Rich</u>, No. CV605-065, 2006 WL 565909, at *7 (S.D. Ga. Mar. 7, 2006)(Court exercised supplemental jurisdiction over prisoner's state law claims because "Plaintiff's ostensible state law tort claims undoubtedly form part of 'the same case or controversy' as the alleged constitutional violations").

In this case, this Court has original jurisdiction over Plaintiff's Fourth Amendment claim against Defendant York under section 1983. Because Plaintiff's battery claim arises out of the same operative set of facts as his Fourth Amendment claim against York, the Court in its discretion will permit Plaintiff to include a state law claim in his Second Amended Complaint. To do so Plaintiff must amend his complaint to include further details with respect to his battery claim.

**D.    Improper Defendant**

Plaintiff also names the Gainesville Police Department ("GPD") as a Defendant in this case. GPD is not a governmental entity that can sue or be sued under section 1983. <u>Dean v. Barber</u>, 951 F.2d 1210, 1214-15 (11th Cir. 1992)(noting "sheriff's departments and police departments are not usually considered legal entities subject to suit" under section 1983 except where state law allows the department to sue or be

sued).  Florida law does not permit city police departments to sue or be sued.  <u>Williams v. Miami-Dade Police Dept.</u>, 297 Fed. Appx. 941, 945 (11th Cir. 2008)(*per curiam*)("Under Florida law, police departments are not legal entities amenable to suit."). Therefore, Plaintiff should delete the GPD as a Defendant in his Second Amended Complaint because the GPD is not an entity that can be sued under section 1983.

## IV. <u>CONCLUSION</u>

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his First Amended Complaint to delete GPD as a Defendant and to provide more facts with respect to his intention to pursue a Fourteenth Amendment Due Process claim and a state law battery claim.  To amend his First Amended Complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Second Amended Complaint."  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file his Second Amended Complaint with the Clerk of the Court and keep one identical copy for himself.

Accordingly, it is hereby **ORDERED:**

1.  The **Clerk** is directed to send the Plaintiff a blank civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983, which he shall complete in full and file on or before **November 4, 2011.**

2.  Failure to comply with this Order in the allotted time will result in a

recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 17st day of October, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge