IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY L. NORWOOD,

    Plaintiff,

v.       CASE NO. 1:11-cv-176-MP-GRJ

JEREMY YORK,

    Defendant.

_____/

**O R D E R**

This case is before the Court on Plaintiff's Motion For Enlargement Of Time And/Or Hold In Abeyance. (Doc. 25.)  In his Second Amended Complaint, Plaintiff alleges he was subjected to excessive force by Defendant Jeremy York, who Plaintiff states is employed by the Gainesville Police Department ("GPD"). (Doc. 18.)  An unexecuted summons for Defendant Jeremy York was returned on December 19, 2011 with a notation that York has never been employed at the Gainesville Police Department and was never mentioned in state court case no. CR 02-11-4836.  (Doc. 21.)  In response to the unexecuted summons, the Court entered an order instructing Plaintiff to provide an address for Officer Jeremy York on or before January 13, 2011.  (Doc. 22.)  Plaintiff then filed a motion asking for an extension of time to perfect service as to Defendant Jeremy York and the Court gave Plaintiff until February 10, 2012 to provide an address for Defendant York.  (Docs. 23 and 24.)

In his motion, Plaintiff asks the Court for another extension of time within which to ascertain the Defendant's whereabouts and then to serve the Defendant.  (Doc. 25.)  In his first motion for an extension of time to serve the Defendant, Plaintiff referred to the

arrest report from his arrest at Wal-Mart on March 8, 2011.  (Doc. 23.) Plaintiff attached to that motion a letter from GPD's Internal Affairs Division regarding a complaint Plaintiff had filed with GPD concerning his arrest on March 8, 2011.  (*Id.*) Plaintiff's most recent motion for an extension of time attaches the response Plaintiff received from the head of GPD's Internal Affairs Division with respect to Plaintiff's complaint.  (Doc. 25.)  In that attachment, the head of the Internal Affairs Division states "These reviews leads me to the conclusion that the officer's actions do not constitute a violation of department policy and appear to have been within the rules and regulations of the Gainesville Police Department ..."

This response seems to acknowledge that the arresting officer was an officer of the Gainesville Police Department but that Plaintiff may have named the wrong Gainesville Police Department officer as a Defendant in this action.  The correct name of the arresting officer should be listed in the March 8, 2011 arrest report. While the Court has not been provided with a copy of the arrest report the Plaintiff has made reference to the fact that he has the arrest report. Plaintiff should, therefore, consult  GPD arrest report GPD11-4836 and then file an amended complaint naming the correct Gainesville police officer.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion For Enlargement of Time, doc. 25, is **GRANTED**. The clerk shall provide the Plaintiff with a blank civil rights complaint form. On or **before March 14, 2012** Plaintiff shall file the amended complaint identifying the correct defendant so the Court can order service of the Amended Complaint on that Defendant.

*Case No: 1:11-cv-176-MP-GRJ*

*Page 3 of 3*

2. Failure to comply with this order will result in a recommendation to the district judge that this case be dismissed.

**DONE AND ORDERED** this 13th day of February 2012.

_s/ Gary R. Jones_
GARY R. JONES
United States Magistrate Judge

*Case No: 1:11-cv-176-MP-GRJ*