IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY L. NORWOOD,

     Plaintiff,

vs.                             Case No: 1:11-cv-176-MP-GRJ

ANDY J. ZAWADZKI, and
CITY OF GAINESVILLE,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Gulf Correctional Institution Annex, has filed a *pro se* Fourth Amended Complaint under 42 U.S.C. § 1983, asserting claims against police officer Andy Zawadzki and the City of Gainesville.  Defendant City of Gainesville has filed a Motion to Dismiss Plaintiff's Amended Civil Rights Complaint, Doc. 41, for failure to state a claim upon which relief can be granted.  Plaintiff filed a response to the motion to dismiss, Doc. 43, and therefore this matter is ripe for review.  For the following reasons, the undersigned recommends that the motion to dismiss be granted, and that the claim against Defendant City of Gainesville be dismissed.  The undersigned also recommends that Defendants' motion to strike Plaintiff's proposed Fifth Amended Complaint be granted.  (Docs. 46, 47.)

## I.  BACKGROUND

Plaintiff alleges that on March 8, 2011, while he was exiting the Wal-Mart Supercenter, he was physically detained by four Wal-Mart employees.  Plaintiff alleges that the Wal-Mart employees held him for about ten minutes, until Gainesville Police

Department Officer Andy Zawadzki arrived.  Plaintiff alleges that after Officer Zawadzki searched and patted him down, he kicked Plaintiff's legs out from under him, pushing his upper body towards the concrete and causing Plaintiff's face to slam into the ground.  Plaintiff alleges that the impact knocked out one of his teeth, chipped two other teeth, and loosened a fourth tooth.

Plaintiff alleges that the paramedics were called, but because there was very little blood and because Plaintiff was in shock from the incident, Plaintiff told the paramedics that he did not need to go to the hospital.  Plaintiff alleges that he was given pain medication at the Alachua County Jail for five days.

Plaintiff asserts Fourth Amendment and state law battery claims against Officer Zawadzki.  He also asserts a claim against the City of Gainesville for negligent training of police officers in the use of force.

## II.  DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

Defendant City of Gainesville first asserts that it is not liable for negligent failure to train its officers in the use of force because the hiring and training of police officers is policy-making activity for which the State of Florida and its subdivisions, including municipalities, has not waived sovereign immunity.

Defendant City of Gainesville also asserts that Plaintiff's claim for negligent training should be dismissed because the Fourth Amended Complaint fails to allege any specific facts that support the claim.

In response to the motion to dismiss, Plaintiff filed a Fifth Amended Complaint without leave of the Court.  The Fifth Amended Complaint adds one paragraph to Plaintiff's allegations, and states in relevant part that "The Officer was on duty while

being employed by the City of Gainesville.  Within the scope of his training.  Officer

stated that he did nothing wrong.  Therefore I have reason to believe that he was acting

within his training."  (Doc. 46, at 6.)  Defendants have moved to strike this pleading, on

the grounds that it adds no new factual allegations or claims, and was filed without

leave of the Court.

### III.  STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of

the complaint in the light most favorable to plaintiff, consider the allegations of the

complaint as true, and accept all reasonable inferences therefrom.  *See, e.g., Jackson

v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994).  Furthermore, the Court

must limit its consideration to the complaint and written instruments attached as

exhibits.  Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510

(11th Cir.1993).

In *Ashcroft v. Iqbal*, .  ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme

Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule

12(b)(6): The court must first determine what factual allegations in the complaint are

entitled to a presumption of veracity, and then assess whether these facts give rise to

an entitlement for relief.  In determining whether factual allegations are entitled to the

presumption of truth, the Court stated that it was not whether the facts are "unrealistic

or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature

that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a

claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,'

they must still comply with procedural rules governing the proper form of pleadings."

*Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010)

(unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to

*pro se* complaint).[1]

## IV. DISCUSSION

### (1) Sovereign Immunity

Defendant City of Gainesville asserts that the negligent failure to train claim

should be dismissed because the training of police officers is a policy-making function

for which the State of Florida has not waived sovereign immunity. The Eleventh Circuit

has summarized sovereign immunity principles applicable to a tort claim:

> [U]nder Florida law, "a governmental agency is immune from tort liability
> based upon actions that involve its 'discretionary' functions." *Lewis v. City
> of St. Petersburg,* 260 F.3d 1260, 1266 (11th Cir.2001) (citing *Dep't of
> Health & Rehabilitative Servs. v. Yamuni,* 529 So.2d 258, 260 (Fla.1988)).
> . . . A discretionary function, under Florida law, is one in which "the
> governmental act in question involved an exercise of executive or
> legislative power such that, for the court to intervene by way of tort law, it
> inappropriately would entangle itself in fundamental questions of policy
> and planning." *Henderson v. Bowden,* 737 So.2d 532, 538 (Fla.1999)
> (citation and internal quotation marks omitted). "An 'operational' function,
> on the other hand, is one not necessary to or inherent in policy or
> planning, that merely reflects a secondary decision as to how those
> policies or plans will be implemented." *Id.* (citation and internal quotation
> marks omitted).

*Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F. 3d 1092, 1117-18

(11th Cir. 2005). The *Cook* court explained that in the context of a tort claim for failure

---

[1]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

to train police officers, decisions regarding how to train correctional officers and what subject matter to include in the training are discretionary functions, and challenges to those decisions are therefore barred by sovereign immunity. *Id.* at 1118 (citing *Lewis v. City of St. Petersburg*, 260 F. 3d 1260, 1265-66 (11th Cir. 2001)). The Court distinguished challenges to "the implementation or operation of the City's police training program," which constitute challenges to operational functions and are therefore not barred by sovereign immunity. *Id.* (citing *Lewis*, 260 F. 3d at 1266.)

Here, the only sentence in the Fourth Amended Complaint that references a failure to train police officers is found in Plaintiff's statement of claims: "Negligence–failure to properly train police officers in the use of force." (Doc. 31, at 7.) Plaintiff's proposed Fifth Amended Complaint, summarized above, adds little to flesh out this claim. Insofar as Plaintiff intended to assert a state tort law claim against the City of Gainesville, he has not clearly challenged the implementation or operation of the training program so as to avoid the sovereign immunity bar. Accordingly, the motion to dismiss is due to be granted, insofar as it refers to a state-law negligence claim.

### (2) Failure to state a claim for negligent training

Defendant City of Gainesville asserts that even under the diminished pleading requirements applicable to *pro se* plaintiffs, Plaintiff has failed to make out a claim for negligent training.

> Municipal liability may be "based on a claim of inadequate training where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants such that the failure to train can be properly thought of as a city policy or custom that is actionable under § 1983." *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489-90 (11th Cir.1997) (quotations omitted). A "policy" is an officially adopted decision of the municipality, or a decision of a municipal

officer of such a rank that he may be said to be acting on the
municipality's behalf. *Id.* at 489. "A custom is a practice that is so settled
and permanent that it takes on the force of law." *Id.* Deliberate
indifference is exhibited when a "municipality knew of a need to train
and/or supervise in a particular area and the municipality made a
deliberate choice not to take any action." *Gold v. City of Miami,* 151 F.3d
1346, 1350 (11th Cir.1998). Unless a plaintiff shows that the municipality
had notice of the need to train, the plaintiff has not shown deliberate
indifference. *Id.* at 1351. Furthermore, vague and conclusory allegations
in a complaint without specific factual support are insufficient to support a
civil rights complaint because such complaints are held to a higher
pleading standard, and unsupported conclusions of law do not meet that
standard. *See GJR Invs., Inc. v. County of Escambia, Florida,* 132 F.3d
1359, 1367 (11th Cir.1998); *Gonzalez v. Reno,* 325 F.3d 1228, 1235 (11th
Cir.2003).

*Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 890 (11th Cir. 2007).

To survive a motion to dismiss, Plaintiff must allege that Defendant City of
Gainesville knew of a need to train its police officers in the proper use of force. Plaintiff
must also allege that Defendant was aware that police officers regularly engaged in use
of excessive force, and was deliberately indifferent to that practice. Here, as noted
above, Plaintiff has offered only the most bare-bones statement with respect to
Defendant City of Gainesville's liability. Accordingly, Defendant's motion to dismiss
Plaintiff's constitutional claim of negligent failure to train is due to be granted.

It appears that Plaintiff filed the Fifth Amended Complaint, Doc. 46, in an effort to
cure the pleading deficiencies of the Fourth Amended Complaint. The proposed
amendment is futile, however, because Plaintiff adds only brief and conclusory
statements with respect to the City's training program, and offers no additional factual
support of his claim. In addition to being futile, the Fifth Amended Complaint was
untimely filed under Federal Rule of Civil Procedure 15, and Plaintiff did not seek leave
of the Court to file the proposed amendment. Accordingly, Defendants' motion to strike

the Fifth Amended Complaint, Doc. 47, is due to be granted.

## V. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant City of Gainesville's motion to dismiss (Doc. 41) and Defendant's Motion to Strike (Doc. 47) should be **GRANTED**, and the claims against Defendant City of Gainesville should be dismissed from the case.

**IN CHAMBERS** this 28th day of December 2012.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge



## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**