# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

ANTHONY L NORWOOD,

    Plaintiff,

v.                                              CASE NO. 1:11-cv-00176-MP-GRJ

CITY OF GAINESVILLE and
ANDY J ZAWADZKI,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 50, the Report and Recommendation of the Magistrate Judge, recommending that the claims against the City of Gainesville be dismissed. The plaintiff filed[1] objections, Doc. 52, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C). The Court notes that while the Plaintiff's Amended Civil Rights Complaint[2] lists the City of Gainesville as the first Defendant on the first page of the Complaint, there are no allegations against the City of Gainesville, nor is the City of Gainesville listed as a Defendant on page two of the Plaintiff's Complaint, under paragraph 2 "Defendant(s)." Moreover, under paragraph 5, "Statement of Fact," there are no allegations against the City of Gainesville.

However, under paragraph 6 "Statement of Claims," number three indicates

---

[1] In Doc. 54, the plaintiff filed a motion to extend time to file objections, stating that he wished to have the handwritten objections he had already filed at Doc. 52 typed. This is not necessary. The Court was able to fully read and understand the objections at Doc. 52, and the motion at Doc. 54 is denied as moot.

[2] The Court agrees with the Magistrate Judge that the Fifth Amended Complaint, Doc. 46, should be stricken as a futile amendment not authorized by the Court.

"Negligence—Failure to properly train officers in the use of force." This claim is apparently intended to be directed at the City of Gainesville. However, the City of Gainesville is not liable for the claims alleged by the Plaintiff because the hiring and training of police officers is policy making activity for which the State of Florida and its subdivisions such as municipalities have not waived sovereign immunity. Mr. Norwood's objection does not mention the sovereign immunity issue at all. Upon consideration, the Court agrees that any and all claims against the City of Gainesville should be dismissed with prejudice as barred by sovereign immunity. It is hereby

**ORDERED AND ADJUDGED**:

Defendant City of Gainesville's motion to dismiss (Doc. 41) and Defendant's Motion to Strike (Doc. 47) are GRANTED, and the claims against Defendant City of Gainesville are dismissed from the case.

**DONE AND ORDERED** this _27th_ day of March, 2013

       _s/Maurice M. Paul_
       Maurice M. Paul, Senior District Judge