IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY L. NORWOOD,

      Plaintiff,

v.                                      CASE NO. 1:11-cv-176-MP-GRJ

OFFICER ZAWADSKI,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Andy J. Zawadski's Motion for Summary Judgment with Supporting Memorandum of Law. (Doc. 73.) Plaintiff has responded to the motion, Doc. 77, and therefore the motion is ripe for review. For the reasons discussed below, the undersigned respectfully recommends that Defendant's Motion for Summary Judgment should be **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this case by filing a complaint on the Court's civil rights complaint form to be used by prisoners for actions arising under 42 U.S.C. § 1983.[1] Plaintiff has amended his complaint several times and the operative complaint is now

---

[1] When Plaintiff initiated this action he was incarcerated at Gulf Correctional Institute. However, a search of the Department of Corrections website reveals that Plaintiff was released from prison on September 23, 2013. His stated residence upon release is 971 Dixie Highway West, Pompano Beach, Florida, 33060. Although Plaintiff has previously been advised to keep the Court updated on any change of address, the docket reflects that no change of address has been filed. The **Clerk** is directed to send a copy of this document to both Plaintiff's former and new address, listed above. When Plaintiff received this, he should immediately file a change of address with the Court.

the Fourth Amended Complaint. (Doc. 31.) The following background facts are drawn

from the sworn Complaint, the parties' unsworn statements of facts accompanying the

motion for summary judgment and response (Docs. 74, 78), and the affidavits of Brett

Chewning and Defendant. (Doc. 73, attachments 1 and 2.)

On March 8, 2011, Plaintiff was shopping in a Wal-Mart store in Gainesville when

Brent Chewning, a Wal-Mart loss prevention associate, observed Plaintiff picking up

packages of meat, removing the labels from the packages, placing them inside his shirt,

and exiting the store. (Doc. 73, attachment 1.) Mr. Chewning and other loss prevention

associates confronted Plaintiff at the exit of the store and identified themselves.

Plaintiff attempted to get away, and the group of Wal-Mart employees detained Plaintiff

by wrapping their arms around him. *Id*. Gainesville Police were called, and Defendant

Ofc. Zawadski arrived on the scene. *Id*. Defendant used a technique called the

"straight-arm bar" to put Plaintiff on the ground, where he was handcuffed and arrested.

(Doc. 73, attachment 2.) After Plaintiff was placed under arrest, he told Defendant that

he had either lost or broken a tooth in the scuffle.[2] EMS were called to the scene to

examine Plaintiff, but Plaintiff declined to be transported to the hospital. *Id*. Plaintiff

was given pain medication at the Alachua County Jail for five days. (Doc. 31.)

Plaintiff asserts two claims in his complaint. The first claim is an excessive force

claim in violation of his Fourth Amendment rights. The second claim is a state law

claim for criminal battery with bodily injury. *Id*. Plaintiff's negligence claim against the

---

[2]In his sworn Complaint, Plaintiff stated that the arrest resulted in "knocking out one of my teeth and chipping two others. While loosening another." However, in his unsworn response to Defendant's Statement of Undisputed facts, he says that "plaintiff never told Ofc. Zawadski that he lost a tooth during the struggle. The plaintiff told the defendant that he (Ofc. Zawadski) broke his tooth." (Doc. 78, p. 2, para. 5.)

City of Gainesville for "failure to properly train officers in the use of force" previously

was dismissed.  (Doc. 56.)

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary

judgment is appropriate only when the Court is satisfied that "there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of

law."  In applying this standard, the Court must examine the pleadings, depositions,

answers to interrogatories, and admissions on file, together with any affidavits and other

evidence in the record "in the light most favorable to the non-moving party." *Samples*

*on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).  "In determining

whether summary judgment is appropriate, [the Court is] required to draw all

reasonable inferences in favor of the non-moving party, not all *possible* inferences."

*Horn v. United Parcel Services, Inc*. 433 F. App'x 788, 796 (11th Cir. 2011) (emphasis

added).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the

moving party bears the initial burden of establishing the nonexistence of a triable issue

of fact.  If the movant is successful on this score, the burden of production shifts to the

non-moving party who must then come forward with "sufficient evidence of every

element that he or she must prove."  *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th

Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use

affidavits, depositions, answers to interrogatories, or other admissible evidence to

demonstrate that a material fact issue remains to be tried.

The Eleventh Circuit has noted that:

> [i]t is well settled that "after adequate time for discovery and upon motion, [summary judgment is appropriate] against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, in response to a motion for summary judgment, a nonmoving-plaintiff must present evidence in support of his allegations sufficient to raise a genuine issue of material fact regarding each element of his claim. As established in *Celotex,* it is not necessary for the party moving for summary judgment to introduce any evidence at all in order to prevail on his motion. Rather, in cases in which the nonmoving party will bear the burden of proof at trial, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him. *Id.* Where the nonmoving party fails to present such evidence, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

*Maxi-Taxi Of Fla., Inc. v. Lee County Port Auth.,* 301 F. App'x 881, 885 (11th Cir. 2008).

Where the nonmoving party bears the burden of proof, he must offer more than a mere "scintilla of evidence" in support of his position. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

## III. DISCUSSION

### A. Plaintiff's Fourth Amendment Claim

Defendant argues that he is entitled to summary judgment on Plaintiff's Fourth Amendment claim because he is protected by qualified immunity. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez,* 486 F.3d 1199, 1202 (11th Cir. 2007) (citations omitted); *Brandon v. Holt,* 469

U.S. 464, 472-73 (1985).  An official wishing to invoke the affirmative defense of qualified immunity must have been acting within his discretionary authority.  *Skop v. City of Atlanta, Georgia,* 485 F.3d 1130, 1136 (11th Cir. 2007).  If a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not proper.  *Lee v. Ferraro*, 284 F.3d 1188, 1197-98 (11th Cir. 2002).

There are two prongs to a qualified immunity test. The plaintiff must show that "(1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged violation."  *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004).  The U.S. Supreme Court has held that lower courts are permitted to exercise discretion in deciding which prong of the test to address first.  *Pearson v. Callahan,* 555 U.S. 223, 129 S. Ct. 808, 818 (2009).

As a threshold matter, it is undisputed that Defendant was acting within his discretionary authority. Defendant is a Gainesville police officer who arrived on the scene because of the report of shop lifting and arrested the Plaintiff in the performance of his duties as a police officer.

 Under the first prong of the test for qualified immunity, Plaintiff must establish that Defendant violated a constitutional right.  Plaintiff alleges that excessive force was used to arrest him, in violation of the Fourth Amendment.  Specifically, he alleges that his legs were kicked out from underneath him after he had turned and put his hands behind his back in order to be handcuffed, and that this resulted in his head slamming into the concrete, which knocked out or damaged a tooth and loosened another.

The governing standard for Fourth Amendment claims is reasonableness, and "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Further, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. at 396.

Evaluating "whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8 (1985).) In order to balance the necessity of the use of force against the arrestee's constitutional rights, a court must weight a number of factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*; *Lee v. Ferraro*, 284 F.3d 1188, 1197-98 (11th Cir. 2002).

Therefore, the Court must evaluate whether Defendant's actions in arresting Plaintiff were reasonable at the time he undertook them. Viewing the facts in the light favorable to Plaintiff – and even accepting Plaintiff's version that he was putting his hands behind him to be handcuffed –  would be insufficient to establish a claim for

excessive force.

Supreme Court case law "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion." *Graham,* 490 U.S. at 396.   The Eleventh Circuit has found the use of force by a law enforcement officer far exceeding that allegedly employed by Defendant in this case to be *de minimis* and reasonable under the circumstances.  See, e.g., *Durruthy v. Pastor,* 351 F.3d 1080, 1094-95 (11th Cir. 2003) (holding that force was *de minimis* where police officer pulled plaintiff to the ground and pinned his arms behind him, kneed him in the back and handcuffed him); *Nolin v. Isbell*, 207 F.3d 1235, 1258 n.4 (11th Cir. 2000) (finding *de minimis* force where officer grabbed plaintiff from behind, threw him against a van, kneed him in the back and pushed his head into the side of the van, searched his groin, and handcuffed him); *Jones v. City of Dothan, Ala*., 121 F. 3d 1456, 1460 (11th Cir. 1997) (finding amount of force used was "minor" where officer threw Plaintiff against a wall, kicked his legs apart, required him to raise his arms and pulled a wallet from his pants, causing pain to Plaintiff who required medical treatment for his arthritic knee.)  As the Supreme Court observed in *Graham*, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396-97 (internal quotations and citation omitted.)

This Court must determine whether Defendant's actions were plainly unlawful in light of what a reasonable officer would have done under the circumstances.  To make this determination, the Court examines the need for the force, the amount of force

used, and the injury inflicted.  Plaintiff's complaint reflects that he was still being restrained for shoplifting by Wal-Mart employees outside the store, in a public place when Defendant arrived on the scene.  Under these circumstances, the use of force to secure Plaintiff's arrest was reasonable.

According to Plaintiff, when Officer Zawadzki arrived on the scene Plaintiff raised his hands. Officer Zawazki then utilized a standard police technique – the straight arm bar – to force the Plaintiff to lie face down on the ground so that Officer Zawadzki could safely handcuff the Plaintiff. The alleged injury to Plaintiff's tooth occurred as an incidental consequence of the arresting maneuver.  "The application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."  *Nolin*, 207 F. 3d at 1257.

Moreover, while Plaintiff is the non-moving party in this summary judgment motion, he "will bear the burden of proof at trial," and accordingly must present evidence in support of his claims to survive summary judgment.  *Maxi-Taxi Of Fla., Inc.*, 301 F. App'x at 885.  With regard to Plaintiff's alleged injuries the only sworn evidence that Plaintiff has submitted is his sworn complaint in which he alleges that one of his teeth was knocked out and two others were chipped. Other than this conclusory allegation Plaintiff has not submitted any evidence identifying which of his teeth were knocked out, loosened, chipped, or damaged. Notably, Plaintiff has not submitted any medical or dental records evidencing that any of his teeth were knocked out or damaged in any way.  Indeed, it is undisputed on this record that the alleged injury did not require any immediate treatment. Nor has Plaintiff submitted any D.O.C. or jail

records demonstrating that he received (or even requested) any dental or other follow-up care after the arrest

In sum, consistent with the applicable case law in this Circuit, and taking into account the circumstances surrounding the arrest, and the lack of medical evidence concerning Plaintiff's damages, Defendant's use of force – even if applied in the manner described by Plaintiff – was not constitutionally excessive.

Furthermore, even assuming *arguendo* that Defendant's use of the single arm bar technique violated a constitutional right, Defendant is still entitled to summary judgment in his favor because Plaintiff has not shown that the use of the straight arm bar technique to immobilize and handcuff Plaintiff violated a clearly established right. In other words, Plaintiff has failed to establish that it would be clear to a reasonable police officer in this situation that his conduct was unlawful in the situation he confronted.

 The Eleventh Circuit has held that "[a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right, . . . (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right, . . . or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291-92 (11th Cir. 2009).

Plaintiff has failed to point to any case law, let alone any cases with indistinguishable facts clearly establishing that the use of the single arm bar technique

violates a clearly established constitutional right.  As the Eleventh Circuit has noted, "generally no bright line exists for identifying when force is excessive . . . unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity."  *Priester v. City of Riviera Beach*, Fla., 208 F.3d 919, 926 (11th Cir. 2000).

In this case, other than suggesting that the Defendant should not have placed the Plaintiff on the ground to handcuff him, Plaintiff has not pointed to anything else suggesting that the manner in which he was placed on the ground and handcuffed violated a clearly established constitutional right.   Accordingly, Plaintiff has failed to meet his burden to show that Officer Zawadzki violated a clearly established right and, therefore, Defendant's motion for summary judgment is due to be granted with respect to this claim.

## B. Plaintiff's Claim for "Criminal Battery with Bodily Injury"

Defendant argues that he is entitled to summary judgment on Plaintiff's "criminal battery with bodily injury" claim because he is protected by Florida law.

Florida Statutes, Section 768.28(9)(a) provides (in relevant part):

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of

such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Plaintiff does not dispute that Defendant was acting in the scope of his employment.  Thus, in order for Defendant to be personally liable, he must have acted in bad faith, with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights."

Other than Plaintiff's conclusional allegation in this complaint that Defendant brutalized him Plaintiff has not pointed to any evidence suggesting that Defendant acted with bad faith or malicious purpose.

Indeed, the evidence viewed in the light most favorable to Plaintiff, demonstrates that at most, Plaintiff's legs were kicked out from underneath him and he was pushed down on the ground while being arrested and handcuffed.   As previously discussed, Defendant arrested Plaintiff using reasonable force given the circumstances, and Plaintiff has made no showing of bad faith, malicious purpose, or conduct that could be construed to be in a manner exhibiting wanton and willful disregard of human rights.

Accordingly, for these reasons, Officer Zawadzki is immune from liability pursuant to Fla. Stat. § 768.28(9)(a) and, therefore, Defendant's motion for summary judgment is due to be granted with regard to this claim.

## IV.  <u>RECOMMENDATION</u>

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Andy

J. Zawadski's Motion for Summary Judgment, Doc. 73, should be **GRANTED**, and the

claims against him should be dismissed with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of December 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**